### Singer Manufacturing Company v. William V. Tyler.

1. INSTRUCTIONS—*Must be Based upon the Evidence.*—In an action for a breach of contract conditioned that the plaintiff " could come and take away " certain articles from the defendant's premises, it is error to instruct that the defendant is liable for any of the property claimed to be withheld under the agreement, which was lost or destroyed, or not turned over under the agreement.

2. CONTRACTS—*Construction—Gratuitous Bailee.*—Under a contract providing that a party take his property out of a building occupied by another party, *it was held* that the other party is not liable for the loss or destruction of the property, not caused by his gross negligence. His liability is not greater than that of a gratuitous bailee.

Memorandum.—Assumpsit. Appeal from the County Court of Wabash County; the Hon. H. J. HENNING, Judge, presiding. Heard in this court

at the February term, 1894. Reversed and remanded. Opinion filed June 23, 1894.

The opinion states the case.

GEO. P. RAMSEY, attorney for appellant.

MUNDY & ORGAN, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This was assumpsit. The declaration counts for $137.06, for goods sold and delivered by appellee to appellant. In like sum for goods bargained and sold to appellant by appellee. In like sum for money, goods and chattels before that time received by appellant for use of appellee. In like sum on account stated, and in like sum for the value of goods, wares and merchandise of appellee taken and converted by appellant to its own use. The copy of account sued on is headed "The Singer Mfg. Co. Dr., to property detained, etc., belonging to Wm. Tyler." Then follows the bill of items footing up $137.06. The jury returned a verdict for $125 in favor of appellee and judgment was entered on the verdict for that sum and costs. Appellant took this appeal.

It appears that Tyler had been in the employ of the appellant company up to some time in July, 1893, when he quit. Disputes between the parties arose concerning their business transactions, which resulted in suit being brought by Tyler against the company at the November term, 1893, of the Wabash Circuit Court, and on November 23, 1893, the following written agreement was concluded between the parties:

STATE OF ILLINOIS, }
   Wabash County    }  ss.

In Wabash County Circuit Court, November term, 1893. This agreement witnesseth: That whereas, a suit in assumpsit is now pending in aforesaid court, brought by W. V. Tyler against the Singer Manufacturing Company, and said company has filed the general issue and notice of set-off. Now it is agreed by the parties, that all matters in

controversy of a civil nature, and all rights of civil action of every nature and description now existing in favor of either party as against the other, and as against any agent of defendant company, be and the same is hereby settled and released upon the following basis. Judgment is to be rendered against W. V. Tyler, plaintiff, and in favor of the Singer Manufacturing Company, defendant, on said notice of set-off, for the sum of $125 and costs of suit, and is to take his furniture and other property out of the building occupied by said Singer Manufacturing Company, in Mt. Carmel, Illinois.

Dated November 23, 1893.

W. V. TYLER,

B. S. Organ, his attorney.

THE SINGER MANUFACTURING COMPANY,

By George P. Ramsey, attorney."

This instrument evidences a final settlement between the parties of all matters in controversy and of all transactions between them and of all rights of action either might have had against the other for any cause, up to November 23, 1893, with the provision that Tyler be permitted to take his property and furniture out of the building then occupied by appellant. By the terms of this contract, as we construe it, the property and furniture was that only, then in said building, and any that was there when Tyler left in July, 1893, but not there on November 23, 1893, was not intended to be embraced within said terms. The note of O. Z. Land, the zither, and several other articles itemized in the account attached to the declaration in this case, were items for which Tyler brought suit in the Circuit Court, and by said settlement appellant was discharged from all liability for such of the articles as were not in the building on November 23, 1893.

Had there been no agreement, assumpsit would not lie for the unlawful detention of these articles; but the remedy would be by an action in tort. If this suit can be maintained at all, it must be for a breach of the contract by appellant, in refusing to permit appellee to take his property which

was in the building, and unlawfully retaining the same. Upon this point the evidence is, that Tyler had given a chattel mortgage on his property, and after the settlement, and on the 29th day of November, 1893, he accompanied Rhodes, the agent of the mortgagee, who was sent to take the property under mortgage, to point out the same. On arriving at the building, Rhodes, who had a list of the mortgaged property, testifies he took all of it except a stove and pipe and sewing machine, awning frame and two second-hand sewing machines; that the sewing machine, stove and pipe were left by his consent, and Tyler was there and made no objection; that appellant's agent said he could take them, but requested they might be left until he could see whether he had receipted to the company for them; that afterward, before the holidays, the agent came to him and told him he could take the stove, and after this suit was begun came to him again and told him he might take the machine; that the agent told him when he asked for the awning frame, that he thought it was in the back yard, but witness looked and did not find it that day; went back since and it is in the back yard; that the two second-hand sewing machines were not in the building; that "neither the agent nor any one refused to allow us to take the goods except as I have said." Rhodes was appellee's witness. Graham, for defendant, corroborates Rhodes and says he did not refuse to let them take any of the property; that when he afterward told Rhodes he could take the stove and machine, he replied he had orders not to. Grayson, for defendant, also corroborates Rhodes and Graham as to what occurred on November 29, 1893. Tyler alone contradicts them. Much of his testimony relates to goods he left in the building in July, 1893, and ought not to have been admitted.

Even if the jury believed that part of his evidence which was relevant, in preference to that of the three witnesses who flatly contradicted him, the damages are excessive.

Both instructions given for appellee were wrong. The first informed the jury that appellant would be liable for any of the property claimed to be withheld under the agree-

ment, which was lost or destroyed, or not turned over under the agreement. We do not understand the property was to be turned over, but appellee was to come and take it; and it is not the law that appellant was liable for the loss or destruction of any of said property, not caused by the gross negligence of its servants. Its liability was not greater than that of a gratuitous bailee. The second instruction is bad for the same reasons. The court erred in giving these instructions and in not setting aside the verdict. The judgment ought not to have been entered, and is reversed and cause remanded.